### WARE v. GAUTEMALAN & MEXICAN MAHOGANY & EXPORT CO.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

1. MASTER AND SERVANT—RELATION—ACTIONS FOR WRONGFUL DISCHARGE—QUESTIONS FOR JURY.

Whether defendant was justified in terminating a contract of employment, on account of the failure of plaintiff to perform his obligations under it, *held* a question for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 57, 58.]

2. APPEAL—REVIEW—HARMLESS ERROR—ERROR CURED BY VERDICT.

On an appeal from a judgment entered upon a verdict, and an order denying a motion for a new trial on the ground of an inadequate verdict, where the only exception taken to the charge was one on the question of damages, which was not important, because the jury found substantially for the defendant, and a fair question was presented for the consideration of the jury, the verdict will not be disturbed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4225–4230.]

3. NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE—PROBABLE EFFECT.

Where the crucial question in an action for damages for breach of a contract of employment was in regard to plaintiff's proper performance of his duties, on which the jury found for defendant, an application for a new trial on the ground of newly discovered evidence, which related merely to the question of whether a new concession for the continuance of the work had been obtained, was properly overruled, since it would not be likely to change the verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 226.]

Appeal from Special Term, New York County.

Action by Joseph Ware against the Gautemalan & Mexican Mahogany & Export Company. From a judgment on the verdict, and an order refusing motions for a new trial, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Everett P. Wheeler, for appellant.
Arthur C. Rounds, for respondent.

INGRAHAM, J. This action was brought to recover damages for breach of a contract of employment whereby the plaintiff was employed as general manager of the defendant at a salary of $12,000, Mexican money, yearly. The contract was in writing, and dated the 4th day of

May, 1895, and recited that the party of the first part (defendant) had purchased the mahogany and export business formerly owned and conducted in Guatemala and Mexico by one Janet. The plaintiff agreed that he would, at the direction of the defendant, go to Mexico, and, if necessary, to Guatemala, to take possession and control of the said property and business so purchased by the defendant, and that during the continuance of the contract or concession obtained from Guatemala by Janet, or any extension or renewal thereof or substitute therefor, acquired by the defendant, and until all wood obtained thereunder had been sold, but not exceeding 10 years from date, the plaintiff would, in the name and stead of the defendant, assume the general management and direction of the said property and business, and any and all property and business of the defendant in Guatemala and Mexico; it being understood and agreed, however, that the plaintiff should not be required to remain personally in Mexico or Guatemala, or to give his exclusive time and attention to such management and direction, but only so far as would prove necessary to institute and maintain the proper organization of the business and property of the defendant in Guatemala and Mexico, and its enjoyment thereof, and to keep a general oversight over its affairs therein. The defendant agreed that it would, during such period aforesaid, pay to the plaintiff certain percentages upon the gross proceeds or property in Guatemala and Mexico, but that, if such percentages should amount in any one year to less than $12,000 in Mexican money, then the defendant would pay to the plaintiff a sum sufficient to make up such deficiency. The defendant was also to execute and deliver to the plaintiff a full power of attorney to transact business of the defendant in Mexico and Guatemala during the period aforesaid, and would agree to repay to the plaintiff all disbursements paid or incurred by him in carrying out this agreement, including all traveling expenses to and from New York and in Mexico and Guatemala. On the 18th of June, 1900, the president of the defendant wrote a letter to the plaintiff, notifying him of the adoption by the board of directors of the defendant of a resolution stating that the contract or concession obtained by the defendant from Guatemala, dated July 12, 1895, having been terminated, and for other sufficient reasons appearing therefor, it was resolved:

"That the contract between this company and Mr. Joseph Ware, dated May 4, 1895, be, and hereby is, declared terminated, and the president is directed to notify Mr. Ware thereof immediately."

The defendant in its answer justifies the termination of its contract with the plaintiff on the ground that the plaintiff had failed to perform the conditions and obligations imposed upon him by the said contract, because of his failure in the name and stead of the company to the best of his ability to take possession and control of the property and business which, prior to the execution of the said contract, had been purchased by the defendant, and generally because of his failure to perform his duties under the contract. The question resolved itself into a dispute between the plaintiff and defendant as to whether or not the plaintiff had performed his obligations under the contract. It was admitted that there was a balance due the plaintiff of $246.90.

This was based upon a balance of the amount due for the fifth year, which ended on May 4, 1900. The plaintiff was not discharged until June 18, 1900, being 1 month and 14 days after the expiration of the fifth year.

The main question which was submitted to the jury, as to whether the defendant was justified in terminating the contract on account of the failure of the plaintiff to perform his obligation under it, presented a question which, I think, considering all the testimony, was for the jury. It is quite true that the plaintiff was not required to devote his whole time and attention to the management of this company; but he accepted the position of general manager and agreed to proceed to Mexico or Guatemala to reorganize the business there, and stay there as long as was necessary for that purpose. Between May 4, 1895, the date of the contract, and its termination in 1900, the plaintiff was only absent from New York on his trips to Mexico and Guatemala about 17 months, thus spending about one-quarter of his time in the discharge of his duties and three-quarters of his time in the United States. He did little, if anything, while in the United States in the service of the company, and in view of the situation, both in Guatemala and Mexico, it is apparent that it was necessary to have an active responsible manager there. His failure to provide an efficient method of bookkeeping of the business of the company, and his failure to provide the company with the proper inventories and accounts to show the condition of the company, and the general slackness of his management of the affairs of the company and neglect of the business for such a period, I think, was some evidence of a failure to perform the contract on his part, so as to raise a question for the jury as to whether the defendant was justified in terminating the contract. It may be that there is not any one thing which would justify a finding that plaintiff had failed to perform his contract; but it was the general situation created by plaintiff, and the failure to take efficient charge of the business that he had agreed to manage and control, which presented a question for the jury to say whether the defendant was justified in terminating the contract. When the court submitted to the jury this question, he instructed them:

"Was the company justified in terminating that relationship which existed because he did not measure up to the importance of the position—that he failed to perform the duties in a manner that was required, of him? That you must determine in its proper aspect. Now, if the plaintiff did perform his duties with competence, and with the skill that would be proper in a case of that kind, and if he observed the care that would be expected of him, then, of course, he is entitled to recover, and the discharge was a wrongful one. If, on the other hand, he did not perform his duties with competence, and he was negligent in his trust, indifferent to the interests of his employer, and if the extent of that incompetency or lack of skill was such that the employer felt that his business interests were so imperiled or impaired as to justify him in discharging him, there should be no recovery in this case."

Both parties accepted this statement of the question that was to be submitted to the jury without objection or exception, the only exception taken to the charge being one on the question of damages, which, as the jury found substantially for the defendant, was not important; and, feeling, as we do, that there was a fair question presented

for the consideration of the jury, we do not think we should disturb their verdict.

In relation to the application for a new trial on the ground of newly discovered evidence, I think it was properly denied. It was not evidence that would be likely to change the verdict upon this one crucial question that was submitted to and decided by the jury. This testimony mainly related to the question of whether a new concession had been obtained, and that question the court refused to submit to the jury as justifying the discharge.

In relation to this difference in the amount of the recovery, upon examination of the charge it will be seen that no point was made by the plaintiff about his being entitled to recover any compensation from the 4th of May to the time that he was discharged. During that time he rendered no service to the company. He submitted to the statement of the trial court to the jury as to the amount which he was in any event entitled to recover, and there was no exception or claim upon the record that the verdict was inadequate in that respect. We think, therefore, that both judgment and order appealed from were right, and should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.